

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>MELINDA ELIZABETH GREEN,<br>CHARLES RONALD GREEN, JR.,<br><br>Defendants. | Case No. 20CR1566-DMS<br><br>SUPERSEDING INFORMATION<br><br>Title 18, United States Code, Section 371 – Conspiracy; Title 18, United States Code, Section 1347 –Health Care Fraud; and Title 28, U.S.C., § 2461(c) – Criminal Forfeiture |

The United States charges that, at all times relevant:

**INTRODUCTORY ALLEGATIONS**

1. Defendants Melinda Elizabeth Green and Charles Ronald Green, Jr. were owners or officers of companies as follows:

a. NHS PHARMA, INC. (NHS) – Melinda GREEN was the Chief Executive Officer (CEO). Charles Ronald GREEN became the CEO and Director.

b. NHS PHARMA SALES, INC. (NHS PHARMA) – Melinda GREEN was a Director. Charles Ronald GREEN was the CEO.

c. FOCUS DME BILLING INC. (FOCUS) -- Melinda GREEN was a Director/Officer. Charles Ronald GREEN was the CEO and a Director.

d. FOCUS DME MANAGEMENT INC. (FOCUS MGMT) -- Melinda GREEN was a Director/Officer. Charles Ronald GREEN was the CEO and a Director.

e. PRV MEDICAL SUPPLY INC. (PRV) – Melinda GREEN was the CEO. PRV applied to become a supplier of Durable Medical Equipment (DME) to Medicare patients, and its ownership changed to Melinda GREEN on September 1, 2018.

f. EZ LIFE MEDICAL SUPPLY, INC. (EZ LIFE) – Charles Ronald GREEN was the CEO and Director. EZ LIFE applied to become a supplier of DME to Medicare patients, and its ownership changed on June 1, 2018 to Charles Ronald GREEN.

g. ZEE & ASSOCIATES INC. (ZEE) – Charles Ronald GREEN was the Agent for Process. ZEE applied to become a supplier of DME to Medicare patients, and its ownership changed on June 15, 2019 to Charles Ronald GREEN.

h. CHOICE MEDICAL PRODUCTS, INC. (CHOICE) - Charles Ronald GREEN was the CEO and President. CHOICE applied to become a supplier of DME to Medicare patients.

2. Brookhaven Specialty Pharmacy, LLC. (Brookhaven) was a compounding pharmacy located in the Northern District of Oklahoma.

3. SKR Services and Ventures LLC (SKR) was a Florida company with its principal place of business in the Southern District of Florida that purportedly marketed compounded medications dispensed by Brookhaven and other compounding pharmacies.

4. Red Rock Operations, LLC (Red Rock) was a warehousing and packaging company located in the Northern District of Georgia.

5. Square One, LLC (Square One) was an insurance eligibility screening company located in the Northern District of Georgia.

6. TRICARE was a federal health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that provides civilian health benefits for military personnel, military retirees, and military dependents.

7. Medicare was a federal health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that provides health benefits to persons who are sixty-five years of age or older, or disabled. Providers who submit claims to Medicare for reimbursement agree and certify that all claims they submit comply with all Medicare rules and regulations, including that the claim not violate the Anti-Kickback Statute.

**COUNT 1**
**CONSPIRACY**
**18 U.S.C. § 371**

8. Beginning on or about March 18, 2014 and continuing through at least April 2019, within the Southern District of California and elsewhere, Defendants CHARLES RONALD GREEN, JR. and MELINDA ELIZABETH GREEN conspired and agreed with each other, and with others, to commit Health Care Fraud, that is, to knowingly and with the intent to defraud, devise and participate in a material scheme to defraud health care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises, in violation of Title 18, United States Code, Section 1347.

9. As part of their conspiracy to defraud health care benefit programs, beginning on or about May 12, 2014 and continuing through at least on or about June 29, 2015, Defendants conspired and agreed with each other and with others to execute a scheme to defraud involving the submission of false and fraudulent claims to TRICARE for expensive and medically unnecessary pain creams, scar creams and multi-vitamins (collectively, "compounded medications"), which were billed through Brookhaven and other pharmacies.

10. In furtherance of the conspiracy, Defendants and others caused compounding pharmacies, including Brookhaven, to make false and fraudulent claims to TRICARE and

other payers for medically unnecessary compounded medications that were dispensed pursuant to false and fraudulent prescriptions obtained through a system of illegal health care kickbacks (compounding fraud scheme).

11. Brookhaven and other compounding pharmacies paid Defendant millions of dollars in illegal kickbacks and other remuneration in exchange for the referral of the false and fraudulent prescriptions for compounded medications belonging to TRICARE beneficiaries. Specifically, Brookhaven and other pharmacies paid companies controlled by the Defendants approximately 55% of the amount received from health care benefit plans including TRICARE, for each prescription referred to the pharmacies by Defendants. Defendants and others in turn paid a portion of this sum as a kickback to SKR and other so-called "marketing" organizations, in exchange for, and as a further inducement to those organizations to, refer prescriptions for compounded medications for beneficiaries of health care benefit programs including TRICARE. TRICARE and other payers often reimbursed compounding pharmacies including Brookhaven thousands of dollars for a 30-day supply of a compounded pain or scar cream for one beneficiary.

12. In furtherance of the compounding fraud scheme, Defendants and others developed compounded medication formulations for the primary purpose of inflating the amount of money TRICARE would reimburse to Brookhaven, and to correspondingly increase the amount of kickbacks and remuneration that NHS and its affiliated marketers would receive. Defendants and others executed the compounding fraud scheme, for example, by using billing data to run "test claims" designed to identify high paying components which the Defendants and others in turn assembled into expensive and medically unnecessary compounded medication formulations paid for by TRICARE and other health care benefit plans. Once identified and assembled, Defendants and others dispensed the prescription pads to marketing organizations including SKR that subsequently caused telemedicine physicians to ratify them irrespective of medical necessity. Additionally, Defendants and others perpetuated the compounding fraud scheme by falsely waiving insurance co-payment collection requirements. The claims to TRICARE for

compounded medications were engineered for maximum reimbursement and not based on medical necessity, which constitutes a material misrepresentation to TRICARE as to the validity of the claims.

13. TRICARE paid false and fraudulent claims to Brookhaven and other compounding pharmacies of at least $4.5 million dollars.

14. As a continued part of the conspiracy, between no later than June 1, 2018 and up to at least April 2019, Defendants CHARLES RONALD GREEN, JR. and MELINDA ELIZABETH GREEN conspired and agreed with each other and with others to execute a scheme to defraud Medicare through the submission of false and fraudulent claims for expensive durable medical equipment (DME) which were induced through a system of illegal kickbacks (DME fraud scheme).

15. In furtherance of the DME fraud scheme, Defendants caused DME companies under their ownership or control (EZ LIFE, PRV, ZEE, and CHOICE) to make false and fraudulent claims on Medicare. Defendant and others executed the DME fraud scheme by purchasing "completed doctors' orders" ("D.O.'s") from various "marketers" for Medicare beneficiaries, which included a prescription signed by a doctor certifying that the beneficiary received an exam that met Medicare's requirements and that the DME was medically necessary.

16. In an attempt to disguise the DME fraud scheme from detection, Defendants and their co-conspirators entered into sham "marketing" and other contracts that concealed the pay-per-Order arrangement.

17. In addition to purchasing D.O.s in furtherance of making false and fraudulent claims on behalf of DME companies they owned or controlled, Defendants in some instances brokered D.O.s by re-selling them at a markup to other DME companies, through their other companies (NHS and NHS SALES).

18. Over the course of the DME fraud scheme, Defendants, through their various entities, submitted false and fraudulent claims to Medicare as follows:

a. from September 4, 2018 through April 4, 2019 (when it was placed on payment suspension), PRV submitted claims to Medicare totaling $40,560,360.43 for DME and was paid by Medicare $21,147,325.85;

b. from June 1, 2018 through April 9, 2019, E.Z. Life submitted claims to Medicare totaling $84,323,467.09 for DME and was paid by Medicare $47,717,790.16;

c. from June 15, 2019 through June 29, 2020, CHOICE submitted claims to Medicare for orthotics totaling $496,843.09 and was paid by Medicare $272,920.66; and

d. from June 15, 2019 through June 29, 2020, ZEE submitted claims to Medicare for orthotics totaling $1,552,105.62 and was paid by Medicare $777,873.02.

19. Defendants and others committed the following overt acts in furtherance of the conspiracy to defraud TRICARE and Medicare:

a. On or about May 8, 2015, in the Southern District of California, Defendants and others caused the submission of a false and fraudulent claim to TRICARE in the approximate sum of $14,178 for Baclofen Powder.

b. On or about November 15, 2018, Defendants and others caused PRV Medical to submit a medically unnecessary claim to Medicare in the amount of $2,005.08, for a back brace, and a right-side shoulder-elbow-wrist-hand orthosis for Medicare patient M.G.

c. On or about January 18, 2019, Defendants and others caused E.Z. Life to submit a medically unnecessary claim to Medicare in the amount of $3,703.10, for a back brace, left and right knee braces, and left and right suspension sleeves for Medicare patient D.B.

d. On or about February 4, 2019, Melinda GREEN emailed two co-conspirators the prices she charged for D.O.'s for various types of DME products.

e. On or about March 14, 2019, Charles Ronald GREEN prepared and submitted an invoice from NHS Pharma that concealed that NHS Pharma was being paid

a per-brace kickback for selling D.O.'s, but claimed instead to be charging for a "TV Campaign," at a price of $35,000, a quantity of 716 for "Landing Pages," and $6,928.71 for processing hours.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**HEALTH CARE FRAUD**
**18 U.S.C. § 1347**

20. In or about January 2019, Defendants Melinda Elizabeth Green and Charles Ronald Green, Jr. knowingly and with the intent to defraud, executed or attempted to execute a scheme to defraud a health-care benefit program, or to obtain money or property owned by, or under the custody or control of, a health-care benefit program, by means of false or fraudulent pretenses, representations, or promises, and to obtain money or property owned by, or under the custody or control of, a health-care benefit program by means of false or fraudulent pretenses, representations, or promises, to wit, Defendants and others caused E.Z. Life to submit a medically unnecessary claim to Medicare in the amount of $3,703.10, for a back brace, left and right knee braces, and left and right suspension sleeves for Medicare patient D.B., in violation of Title 18, United States Code, Section 1347.

**FORFEITURE ALLEGATIONS**

21. The allegations contained in Counts 1 and 2 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 982(a)(7).

22. Upon conviction of one or more of the felony offenses alleged in this Superseding Information as set forth above, and pursuant to Title 18, United States Code, Section 982(a)(7), and Federal Rule of Criminal Procedure 32.2, defendants Melinda Elizabeth Green and Charles Ronald Green, Jr. shall forfeit to the United States any property, real or personal, which constitutes or is derived from gross proceeds traceable to the commission of the violations, including but not limited to:

- REAL PROPERTY LOCATED AT 1943 IDAHO AVENUE, ESCONDIDO, CALIFORNIA 92027, more particularly described as follows:

Assessor's Parcel Number: 234-420-07-00

Lot "A" OF THE Resubdivision of Block 273, of the Rancho Rincon Del Diablo, in the County of San Diego, State of California, according to Map thereof No. 1519, filed in the Office of the County Recorder of San Diego County, January 21, 1913;

- REAL PROPERTY LOCATED AT 2936 MIDSUMMER DR, WINDERMERE, FL, 34786, more particulary described as follows:

Lot 4, LAKE DOWN SHORES REPLAT, according to the plat thereof as recorded in Plat Book 4, Page 31, Public Records of Orange County, Florida; together with an undivided one forty-fourth (1/44) interest in and to Lot 23, Block A, less the West 95 feet thereof, Lake Down Shores, according to the plat thereof as recorded in Plat Book T, Page 145, Public Records of Orange County, Florida.

Parcel Identification Number: 04-23-28-4406-00040

Subject to all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

Together with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining;

- $49,812.40 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX3071;
- $1,016,738.02 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX1430;
- $15,448.64 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX0706;
- $559.15 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX0557;
- $142,580.46 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX9816;
- $60,961.48 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX6408;
- $2,058,060.72 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX7253;
- $1,022.12 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX8049;

- $4,983.50 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACOUNT NUMBER XX5609;
- $4,388,112.64 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0472;
- $2,134,352.70 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0473;
- $3,896,247.90 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0474;
- $544,162.17 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0475;
- $837,395.44 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0476;
- $218,544.33 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0477;
- $292,635.83 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX4433;
- $950.20 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACOUNT NUMBER XX2582;
- 2018 PORSCHE PANAMERA, CALIFORNIA LICENSE PLATE NUMBER 8GTX359, VEHICLE IDENTIFICATION NUMBER WP0AB2A76JL1355537;
- 2019 FORD LARIAT 4X2 F-150, FLORIDA LICENSE PLATE NUMBER LEJQ98, VEHICLE IDENTIFICATION NUMBER 1FTEW1C51KFB110044;
- 2019 AUDI Q8 PREMIUM, FLORIDA LICENSE PLATE NUMBER LCII94, VEHICLE IDENTIFICATION NUMBER WA1AVAF10KD010335;

23. If any of the above-described forfeited property, as a result of any act or omission of defendants Melinda Elizabeth Green and Charles Ronald Green, Jr., (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), made applicable herein by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of defendants Melinda Elizabeth Green and Charles Ronald Green, Jr. up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 982.

RANDY S. GROSSMAN
Acting United States Attorney

DATED: 9/10/2021

VALERIE H. CHU
Assistant U.S. Attorney

DAVID RAWLS
Assistant U.S. Attorney