UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MELINDA ELIZABETH GREEN (2),<br><br>                    Defendant. | Case No.  20-cr-1566-DMS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

      WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant Melinda Elizabeth Green ("Defendant"), pursuant to 18 U.S.C. § 982(a)(7), as any property derived, directly or indirectly, from gross criminal proceeds traceable to the commission of the offenses to which Defendant pled guilty, 18 U.S.C. § 1347 and 18 U.S.C. § 371, as charged in the Superseding Information; and

      WHEREAS, on or about September 27, 2021, Defendant pled guilty before U.S. Magistrate Judge Michael S. Berg to Counts 1 and 2 of the Superseding Information, which plea included consent to the forfeiture allegations of the Superseding Information, and an agreement to forfeit to the United States the following properties listed herein in as (A)-(W) ("Property or Properties"), including consent to entry of a forfeiture money judgment in the amount of $69,915,909.69.

Defendant consented to the forfeiture of the Properties as properties derived, directly or indirectly, from gross criminal proceeds traceable to the commission of the offenses to which Defendant pled guilty, 18 U.S.C. § 1347 and 18 U.S.C. § 371, as charged in the Superseding Information, and which forfeiture shall be included and incorporated as part of the judgment in this case:

A. $49,812.40 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX3071;

B. $1,016,738.02 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX1430;

C. $15,448.64 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX0706;

D. $559.15 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX0557;

E. $142,580.46 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX9816;

F. $60,961.48 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX6408;

G. $2,058,060.72 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX7253;

H. $1,022.12 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX8049;

I. $4,983.50 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACOUNT NUMBER XX5609;

J. $4,388,112.64 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0472;

K. $2,134,352.70 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0473;

L. $3,896,247.90 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0474;

M. $544,162.17 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0475;

N. $837,395.44 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0476;

O. $218,544.33 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0477;

| | | |
|---|---|---|
| P. | | $292,635.83 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX4433; |
| Q. | | $950.20 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACOUNT NUMBER XX2582; |
| R. | | 2018 PORSCHE PANAMERA, CALIFORNIA LICENSE PLATE NUMBER 8GTX359, VEHICLE IDENTIFICATION NUMBER WP0AB2A76JL1355537; |
| S. | | 2019 FORD LARIAT 4X2 F-150, FLORIDA LICENSE PLATE NUMBER LEJQ98, VEHICLE IDENTIFICATION NUMBER lFTEWlC51KFB110044; |
| T. | | 2019 AUDI Q8 PREMIUM, FLORIDA LICENSE PLATE NUMBER LCII94, VEHICLE IDENTIFICATION NUMBER WA1AVAF10KD010335; |
| U. | | REAL PROPERTY LOCATED AT 2936 MIDSUMMER DR, WINDERMERE, FL, 34786, more particularly described as follows: |

Lot 4, LAKE DOWN SHORES REPLAT, according to the plat thereof as recorded in Plat Book 4, Page 31 Public Records of Orange County, Florida; together with an undivided one forty-fourth (1/44) interest in and to Lot 23, Block A, less the West 95 feet thereof, Lake Down Shores, according to the plat thereof as Recorded in Plat Book T, Page 145, Public Records of Orange County, Florida.

Parcel Identification Number: 04-23-28-4406-00040

Subject to all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

Together with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining;

V. $3,921,057.29 U.S. CURRENCY, IN LIEU Of REAL PROPERTY LOCATED AT 1943 IDAHO AVENUE, ESCONDIDO, CALIFORNIA 92027, ("Escondido Real Property") more particularly described as follows:

Assessor's Parcel Number: 234-420-07-00

Lot "A" OF THE Resubdivision of Block 273, of the Rancho Rincon Del Diablo,4 in the County of San Diego, State of California, according to Map thereof No. 1519, filed in the Office of the County Recorder of San Diego County, January 21, 1913; and

Property V: less an amount up to $400,000 which shall not be forfeited, and which shall be deducted only after payment of all costs of (1) seizure and (2) liquidation by the United States Marshals Service ("USMS"), including (a) payment to the USMS for all reasonable costs incurred by the USMS in connection with the maintenance, repair, marketing, and sale of the Escondido Real Property; (b) payment to the USMS for costs of appraisals; (c) payment to the USMS for real estate commissions, or, payment for real estate commissions in an amount not to exceed a total of 5% to any realtor agreed to in writing by both the Government and Defendant and co-defendant Charles Ronald Green, Jr.; (d) amounts due the holder of any valid lien which was recorded at the San Diego County Recorder, prior to the time the Government's lis pendens was recorded; (e) real property taxes due and unpaid; (f) insurance costs; (g) escrow fees, advances, late charges; (h) document recording fees not paid by the buyer; (i) title fees; and (j) county transfer taxes; and (3) after payment of any successful third party petition(s) in the forfeiture proceedings;

  W.  Forfeiture Money Judgment in the Amount of $69,915,909.69; and

  WHEREAS, on October 18, 2021, this Court accepted the guilty plea of Defendant; and

  WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeitable Properties and the offenses; and

  WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the forfeitable Properties, pursuant to 18 U.S.C. § 982(a)(7) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

  WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the Properties which were found forfeitable by the Court; and

  WHEREAS, the parties have agreed that Defendant may continue to reside at Property (U) pending further order of the Court, but that Defendant shall vacate

Property (U) no later than the date Defendant is sentenced. The parties have further agreed that Property (U) is subject to routine entry and inspection by the USMS with reasonable notice to Defendant and any other residents and occupants, and that Defendant's continued residency at Property (U) is subject to approval by the USMS to ensure that the value of Property (U) is being preserved and sufficiently maintained at <u>Defendant's own expense</u>, including but not limited to the following maintenance and expenses:

    a.    Maintain Property (U) so it is free of hazards and structural defects, and maintain all heating, air conditioning, plumbing, electrical, gas, oil, or power facilities in good working condition and repair, and keep the property clean and perform sanitation and waste removal as needed, and keep the property and grounds in good condition by providing all ordinary and necessary and routine maintenance;

    b.    Maintain casualty and fire insurance equal to the full replacement value cost of Property (U) and all improvements thereon, and maintain liability insurance for injuries that may occur on or result from the use of the property, or activities or conditions thereon;

    c.    Timely pay all utilities on Property (U);

WHEREAS, the parties have further agreed that any unpaid real property taxes from Property (U) shall be <u>deducted directly from any amount of funds not forfeited from Property (V)</u>; and

WHEREAS, the parties have further agreed that Defendant shall not enter into any tenancy or occupancy agreements with anyone for Property (U). The parties have agreed that any dispute between the parties over Defendant being permitted to reside at Property (U) shall be brought to the Court for final determination and order; and

WHEREAS, by virtue of the admissions by Defendant as set out in the plea agreement, forfeiture addendum, and guilty plea, the Court determined that the Properties represent properties derived, directly or indirectly, from gross criminal

proceeds traceable to the commission of the offenses, to which Defendant pled guilty, as charged in the Superseding Information; and

WHEREAS, by virtue of said guilty plea and the Court's findings, the United States is now entitled to an Order of Forfeiture in its favor against Defendant for the Properties as properties derived, directly or indirectly, from gross criminal proceeds traceable to the commission of the offenses, including a forfeiture money judgment in the amount of $69,915,909.69 for the gross criminal proceeds Defendant and co-defendant Charles Ronald Green, Jr. directly obtained and are responsible for based on their joint criminal activity from the offenses; and

WHEREAS, Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may take actions to collect the forfeiture money judgment against all assets; subject only to the limitation that the United States may not take actions to collect the forfeiture money judgment against an amount up to $400,000 which shall not be forfeited <u>from Property (V)</u>, and which shall be deducted only after payment of all costs of (1) seizure and (2) liquidation by the USMS, including (a) payment to the USMS for all reasonable costs incurred by the USMS in connection with the maintenance, repair, marketing, and sale of the Escondido Real Property; (b) payment to the USMS for costs of appraisals; (c) payment to the USMS for real estate commissions, or, payment for real estate commissions in an amount not to exceed a total of 5% to any realtor agreed to in writing by both the Government and Defendant and co-defendant Charles Ronald Green, Jr.; (d) amounts due the holder of any valid lien which was recorded at the San Diego County Recorder, prior to the time the Government's lis pendens was recorded; (e) real property taxes due and unpaid; (f) insurance costs; (g) escrow fees, advances, late charges; (h) document recording fees not paid by the buyer; (i) title fees; and (j) county transfer taxes; and (3) after payment of any successful third party petition(s) in the forfeiture proceedings; and

WHEREAS, the parties have agreed that the net value of Properties (A) through (T) shall be credited against Defendant's total forfeiture money judgment amount of $69,915,909.69 (Property (W)), with the net value being defined as the amount received or deposited with the USMS after deduction of costs of seizure, storage, maintenance, repair and sale, and after payment of any successful third party petition(s) in the forfeiture proceedings; and

WHEREAS, the parties have agreed that the net value of Properties (U) and (V) shall be credited against Defendant's total forfeiture money judgment amount of $69,915,909.69 (Property (W)), with the net value being defined as the amount received or deposited with the USMS after deduction of costs of: (1) seizure and (2) liquidation by the USMS, including (a) all reasonable costs incurred in connection with the maintenance, repair, marketing, and sale of Properties (U) and (V); (b) costs of appraisals; (c) real estate commissions, if any, but not greater than a total of 5%; (d) amounts due the holder of any valid lien which was recorded at the San Diego County Recorder, prior to the time the Government's lis pendens was recorded; (e) real property taxes due and unpaid; (f) insurance costs; (g) escrow fees, advances, late charges; (h) document recording fees not paid by the buyer; (i) title fees; and (j) county transfer taxes; and (3) after payment of any successful third party petition(s) in the forfeiture proceedings; and

WHEREAS, the parties have agreed that Defendant's total forfeiture money judgment amount of $69,915,909.69 (Property (W)), shall be credited by all funds applied to co-defendant Charles Ronald Green Jr.'s forfeiture money judgment. The parties further agreed that Defendant's forfeiture money judgment shall also be credited by all voluntary payments made by Defendant and co-defendant Charles Ronald Green, Jr. to any restitution judgment ordered against Defendant; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorneys of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant MELINDA ELIZABETH GREEN, in the following Properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

A. $49,812.40 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX3071;

B. $1,016,738.02 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX1430;

C. $15,448.64 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX0706;

D. $559.15 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX0557;

E. $142,580.46 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX9816;

F. $60,961.48 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX6408;

G. $2,058,060.72 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACCOUNT NUMBER XX7253;

H. $1,022.12 IN U.S. CURRENCY SEIZED FROM WELLS FARGO BANK ACOUNT NUMBER XX8049;

I. $4,983.50 IN U.S. CURRENCY SEIZED FROM BANK OF AMERICA ACOUNT NUMBER XX5609;

J. $4,388,112.64 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0472;

K. $2,134,352.70 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0473;

L. $3,896,247.90 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0474;

M. $544,162.17 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0475;

N. $837,395.44 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0476;

|   |   |   |
|---|---|---|
| O. | | $218,544.33 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX0477; |
| P. | | $292,635.83 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACCOUNT NUMBER XX4433; |
| Q. | | $950.20 IN U.S. CURRENCY SEIZED FROM FIDELITY INVESTMENTS ACOUNT NUMBER XX2582; |
| R. | | 2018 PORSCHE PANAMERA, CALIFORNIA LICENSE PLATE NUMBER 8GTX359, VEHICLE IDENTIFICATION NUMBER WP0AB2A76JL1355537; |
| S. | | 2019 FORD LARIAT 4X2 F-150, FLORIDA LICENSE PLATE NUMBER LEJQ98, VEHICLE IDENTIFICATION NUMBER lFTEWlC51KFB110044; |
| T. | | 2019 AUDI Q8 PREMIUM, FLORIDA LICENSE PLATE NUMBER LCII94, VEHICLE IDENTIFICATION NUMBER WA1AVAF10KD010335; |
| U. | | REAL PROPERTY LOCATED AT 2936 MIDSUMMER DR, WINDERMERE, FL, 34786, more particularly described as follows: |

Lot 4, LAKE DOWN SHORES REPLAT, according to the plat thereof as recorded in Plat Book 4, Page 31 Public Records of Orange County, Florida; together with an undivided one forty-fourth (1/44) interest in and to Lot 23, Block A, less the West 95 feet thereof, Lake Down Shores, according to the plat thereof as Recorded in Plat Book T, Page 145, Public Records of Orange County, Florida.

Parcel Identification Number: 04-23-28-4406-00040

Subject to all reservations, covenants, conditions, restrictions and easements of record and to all applicable zoning ordinances and/or restrictions imposed by governmental authorities, if any.

Together with all the tenements, hereditaments and appurtenances thereto belonging or in any way appertaining;

V.  $3,921,057.29 U.S. CURRENCY, IN LIEU Of REAL PROPERTY LOCATED AT 1943 IDAHO AVENUE, ESCONDIDO, CALIFORNIA 92027, ("Escondido Real Property") more particularly described as follows:

Assessor's Parcel Number: 234-420-07-00

Lot "A" OF THE Resubdivision of Block 273, of the Rancho Rincon Del Diablo,4 in the County of San Diego, State of California, according to Map thereof No. 1519, filed in the Office of the County Recorder of San Diego County, January 21, 1913; and

<u>Property V</u>: less an amount up to $400,000 which shall not be forfeited, and which shall be deducted only after payment of all costs of (1) seizure and (2) liquidation by the USMS, including (a) payment to the USMS for all reasonable costs incurred by the USMS in connection with the maintenance, repair, marketing, and sale of the Escondido Real Property; (b) payment to the USMS for costs of appraisals; (c) payment to the USMS for real estate commissions, or, payment for real estate commissions in an amount not to exceed a total of 5% to any realtor agreed to in writing by both the Government and Defendant and co-defendant Charles Ronald Green, Jr.; (d) amounts due the holder of any valid lien which was recorded at the San Diego County Recorder, prior to the time the Government's lis pendens was recorded; (e) real property taxes due and unpaid; (f) insurance costs; (g) escrow fees, advances, late charges; (h) document recording fees not paid by the buyer; (i) title fees; and (j) county transfer taxes; and (3) after payment of any successful third party petition(s) in the forfeiture proceedings.

      W.    Forfeiture Money Judgment in the Amount of $69,915,909.69.

    2.    The aforementioned forfeited assets listed as Properties (A) through (T), (V), and (W) are to be held by the United States Marshals Service in its secure custody and control.

    3.    Defendant may continue to reside at Property (U) pending further order of the Court, but Defendant shall vacate Property (U) no later than the date Defendant is sentenced. Property (U) is subject to routine entry and inspection by the USMS with reasonable notice to Defendant and any other residents and occupants, and Defendant's continued residency at Property (U) is subject to approval by the USMS to ensure that the value of Property (U) is being preserved and sufficiently maintained at <u>Defendant's own expense</u>, including but not limited to the following maintenance and expenses:

    a.    Maintain Property (U) so it is free of hazards and structural defects, and maintain all heating, air conditioning, plumbing, electrical, gas, oil, or power

facilities in good working condition and repair, and keep the property clean and perform sanitation and waste removal as needed, and keep the property and grounds in good condition by providing all ordinary and necessary and routine maintenance;

  b. Maintain casualty and fire insurance equal to the full replacement value cost of Property (U) and all improvements thereon, and maintain liability insurance for injuries that may occur on or result from the use of the property, or activities or conditions thereon;

  c. Timely pay all utilities on Property (U).

  4. WHEREAS, the parties have further agreed that any unpaid real property taxes from Property (U) shall be <u>deducted directly from any amount of funds not forfeited from Property (V)</u>.

  5. WHEREAS, Defendant shall not enter into any tenancy or occupancy agreements with anyone for Property (U). Any dispute between the parties over Defendant being permitted to reside at Property (U) shall be brought to the Court for final determination and order.

  6. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

  7. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of

the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than Defendant, having or claiming a legal interest in the above-listed forfeited Properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and the relief sought.

9. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

10. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned Properties, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

11. In addition to forfeiture of the specific Properties described above, Defendant MELINDA ELIZABETH GREEN, shall forfeit to the United States $69,915,909.69 as the amount of gross criminal proceeds that Defendant and co-defendant Charles Ronald Green, Jr. directly obtained and are responsible for based on their joint criminal activity, and which forfeiture of $69,915,909.69 is in favor of the United States against Defendant MELINDA ELIZABETH GREEN, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

12. Defendant's forfeiture money judgment amount of $69,915,909.69 shall be credited by the net value of the forfeited Properties, with the net value being defined as follows:

(i) <u>For Properties (A) through (T)</u>, the net value is defined as the amount received or deposited with the USMS after deduction of costs of seizure, storage, maintenance, repair and sale, and after payment of any successful third party petition(s) in the forfeiture proceedings;

(ii) <u>For Properties (U) and (V)</u>, the net value is defined as the amount received or deposited with the USMS after deduction of costs of: (1) seizure and (2) liquidation by the USMS, including (a) all reasonable costs incurred in connection with the maintenance, repair, marketing, and sale of Properties (U) and (V); (b) costs of appraisals; (c) real estate commissions, if any, but not greater than a total of 5%; (d) amounts due the holder of any valid lien which was recorded at the San Diego County Recorder, prior to the time the Government's lis pendens was recorded; (e) real property taxes due and unpaid; (f) insurance costs; (g) escrow fees, advances, late charges; (h) document recording fees not paid by the buyer; (i) title fees; and (j) county transfer taxes; and (3) after payment of any successful third party petition(s) in the forfeiture proceedings.

13. Defendant's forfeiture money judgment amount of $69,915,909.69 shall also be credited by all funds applied to co-defendant Charles Ronald Green, Jr.'s forfeiture money judgment. Defendant's forfeiture money judgment shall also be credited by all voluntary payments made by Defendant and co-defendant Charles Ronald Green, Jr. to any restitution judgment ordered against Defendant.

14. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the forfeiture.

15. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to Defendant at the time of sentencing and is part of the sentence and included in the judgment.

16. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

17. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $69,915,909.69 to satisfy the forfeiture in whole or in part.

18. The United States may take any and all actions available to it to collect and enforce the forfeiture.

**IT IS SO ORDERED.**

Dated: February 15, 2022

Hon. Dana M. Sabraw, Chief Judge
United States District Court